I HAVE REVIEWED YOUR LETTER OF OCTOBER 22, 1991, WHICH ASKS FOR FURTHER CLARIFICATION OF MY INFORMAL OPINION TO COMMISSIONER ANTHONY AND SENATOR TAYLOR DATED SEPTEMBER 23, 1991. LET ME INITIALLY POINT OUT THAT YOU HAVE CORRECTLY OBSERVED THAT MY INFORMAL OPINION WAS EXTREMELY NARROW. I WAS CONSTRUING THE BLACK AND WHITE LANGUAGE CONTAINED IN SECTION 40.1 OF TITLE 17 AND WAS CERTAINLY NOT AWARE OF ANY ADMINISTRATIVE RULES OR LONG STANDING ADMINISTRATIVE CONSTRUCTION WHICH WOULD BE RELEVANT IN CONSTRUING THIS STATUTE. AFTER REVIEWING YOUR LETTER I BELIEVE THERE IS ONLY ONE POINT THAT NEEDS TO BE CLARIFIED.
AFTER RE-READING 17 O.S. 40.1 AND REVIEWING RULE 8-1.01, IT IS STILL MY VIEW THAT ALL HEARINGS ON APPLICATIONS MUST BE HELD IN THE REGIONAL SERVICE OFFICE WHERE THE APPLICATION IS FILED UNLESS IT FITS INTO ONE OF THE STATUTORY EXCEPTIONS IN 17 O.S. 40.1(B)(3). THE ONLY MATTERS WHICH MAY BE HELD OTHER THAN AT THE LOCATION OF THE OFFICE WHERE AN APPLICATION IS FILED, ARE PROTESTED APPLICATIONS BY RESPONDENT MINERAL OWNERS OR SURFACE OWNERS WHO HAD STANDING TO PROTEST WHEN A HEARING AT ONE OF THE TWO REGIONAL SERVICES OFFICES WOULD NOT BE AT THE CONVENIENCE OF SUCH RESPONDENT MINERAL OWNER, OR SURFACE OWNER. AS YOU SUGGEST IN YOUR LETTER, THESE EXCEPTIONS WHICH WERE DISCUSSED IN MY LETTER, ARE MUCH LIKE CHANGING THE VENUE OF A HEARING BECAUSE OF "FORUM NON-CONVENIENS."
ONLY IF THESE EXCEPTIONS ARE PRESENT COULD THE COMMISSION HOLD HEARINGS AT LOCATIONS THROUGHOUT THE STATE OTHER THAN THE TWO REGIONAL SERVICE OFFICES. IF MY LETTER WAS READ TO LIMIT THE COMMISSION'S ABILITY TO HAVE HEARINGS AT ONLY TWO LOCATIONS, THAT WAS CERTAINLY NOT MY INTENT. THE MAIN THRUST OF MY OPINION WAS THAT THE VENUE OF MOST HEARINGS IS GOVERNED BY THE PLACE OF FILING UNLESS IT FITS UNDER ONE OF THE STATUTORY EXCEPTIONS. THIS VIEW IS NOT INCONSISTENT WITH THE LEGISLATIVE DIRECTION FOR THE COMMISSION TO PREPARE A PLAN FOR STATEWIDE HEARINGS. THE DIRECTION TO PREPARE A PLAN FOR STATEWIDE HEARINGS DOES NOT, BY ITSELF, PERMIT THE COMMISSION TO HOLD STATEWIDE HEARINGS.
IT DOES NOT APPEAR THAT RULE 8-1.101 IS INCONSISTENT WITH MY INFORMAL OPINION OR THIS CLARIFYING LETTER. RULE 8-1.01(C)(1) APPEARS TO TRACK THE STATUTORY LANGUAGE WHICH PERMITS CERTAIN RESPONDENTS TO REQUEST A CHANGE OF VENUE IF THE OKLAHOMA CITY AND TULSA OFFICES ARE INCONVENIENT. THE RULE ALLOWS THE COMMISSION TO HOLD THE HEARING AT A DIFFERENT LOCATION OR TO PERMIT TELEPHONIC TESTIMONY. EVEN IF THE RULE CONFLICTED WITH THE STATUTE, CLEARLY THE STATUTORY LANGUAGE WOULD CONTROL EVEN THOUGH THE LEGISLATURE APPROVED MOST OF RULE 8-1.01 IN SENATE JOINT RESOLUTION NO. 27. IF AN ADMINISTRATIVE BODY ADOPTS A RULE WHICH IS INCONSISTENT WITH THE STATUTES, THE STATUTES CONTROL. ARKANSAS LOUISIANA GAS CO. V. TRAVIS, 682 P.2D 225 (OKLA. 1984); SEE, STATE EX REL. BOARD OF AGRICULTURE V. WARREN, 331 P.2D 405 (OKLA. 1958).
I WOULD LIKE TO REITERATE THAT NEITHER COMMISSIONER ANTHONY NOR SENATOR TAYLOR ASKED ABOUT HAVING HEARINGS STATEWIDE. COMMISSIONER ANTHONY'S SPECIFIC QUESTION WAS THE ABILITY OF PARTIES TO ANY CASE BEFORE THE COMMISSION TO ELECT TO HAVE THEIR APPEAL HEARD IN OKLAHOMA CITY EVEN THOUGH THE CASE WAS FILED IN TULSA. SENATOR TAYLOR'S REQUEST WAS SIMILAR. AFTER REVIEWING MY LETTER A SECOND AND THIRD TIME IT WOULD CERTAINLY TAKE A STRAINED READING OF MY LETTER TO IMPLY THAT IT WOULD PREVENT THE CORPORATION COMMISSION FROM HAVING HEARINGS OTHER THAN IN OKLAHOMA CITY AND TULSA IF IT MEETS THE STATUTORY EXCEPTIONS CONTAINED IN 17 O.S. 40.1(B)(3) (1990).
I AM SENDING A COPY OF THIS CLARIFYING LETTER TO ALL THREE CORPORATION COMMISSIONERS AND SENATOR TAYLOR. I WOULD ALSO LIKE TO SUGGEST THAT FORMAL AND INFORMAL OPINION REQUESTS FROM THE CORPORATION COMMISSION SHOULD BE REFERRED TO THIS OFFICE AFTER THE FULL COMMISSION HAS VOTED TO REQUEST SUCH AN OPINION, IF THE QUESTION DEALS WITH THE POWER, JURISDICTION AND STATUTES AFFECTING THE COMMISSION AS A WHOLE. IT WOULD ALSO BE HELPFUL IF THOSE OPINION REQUESTS WERE ACCOMPANIED BY A MEMORANDUM FROM THE COMMISSION'S LEGAL STAFF SO THAT WE ARE SURE WE ARE NOT OVERLOOKING RULES AND OTHER RELEVANT AUTHORITY. IT IS CERTAINLY APPROPRIATE FOR INDIVIDUAL COMMISSIONERS TO ASK FOR INFORMAL AND FORMAL OPINIONS FROM THIS OFFICE WHEN THE QUESTIONS ASKED ARE PECULIAR TO THE INDIVIDUAL COMMISSIONER SUCH AS CONFLICT OF INTEREST QUESTIONS. I WOULD ALSO BE HAPPY TO MEET WITH ANY OF YOU INDIVIDUALLY OR COLLECTIVELY SHOULD YOU SO DESIRE. I HOPE THIS LETTER HAS HELPED CLARIFY MY PREVIOUS INFORMAL OPINION.
(THOMAS L. SPENCER)